**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DEBORAH BAREFIELD, as Administrator of the Estate of THOMAS W. HATCH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HSBC HOLDINGS, PLC; CALIBER HOME LOANS, INC., as Attorney in fact for U.S. BANK, N.A., Trustee for LSF10 MASTER PARTICIPATION TRUST; SUMMIT PROPERTY MANAGEMENT, INC.; DOES 1-20, inclusive,**<br><br>**Defendants.** | **1:18-cv-01442-LJO-JLT**<br><br>**ORDER DENYING MOTION TO REMAND AND DISMISSING COMPLAINT**<br><br>**(ECF No. 6)** |

On March 16, 2018, Deborah Barefield ("Plaintiff") filed a *pro se* complaint ("*Barefield I*") in California Superior Court in and for the County of Kern against HSBC Mortgage Services Inc. (erroneously named as HSBC Holdings PLC); Caliber Home Loans, Inc.; Summit Property Management, LLC (erroneously named as Summit Property Management, Inc.); and Doe defendants (collectively, "Defendants"). *See Barefield v. HSBC Holdings, PLC*, Case No. 18-cv-00527-LJO-JLT. The Defendants removed to this Court. On October 12, 2018, during the pendency of the motions to dismiss in that case, Plaintiff filed the complaint in this case, also in California Superior Court in and for the County of Kern, against the same defendants and involving the same mortgage as in a case already pending in this court. *See* ECF No. 1 ("*Barefield II*"). On October 17, 2018, Defendants filed a notice of removal in this case and a notice of related case, after which the matter was assigned to this District Judge. ECF Nos. 1, 2, and 4. On October 24, 2018, Plaintiff filed a motion to remand in which

1

she also objected to the filing of a notice of related case.  ECF No. 6.

Whether the Complaint in this matter can survive is governed by the "duplicative complaint" doctrine, also known as the "claim-splitting" doctrine.  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).  The Ninth Circuit explained the duplicative complaint doctrine as follows:

> To determine whether a suit is duplicative, we borrow from the test for claim preclusion. As the Supreme Court stated in *The Haytian Republic*, "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124 (1894); *see also Hartsel Springs Ranch*, 296 F.3d at 987 n.1 ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion."); *Curtis*, 226 F.3d at 139–40 ("[T]he normal claim preclusion analysis applies and the court must assess whether the second suit raises issues that should have been brought in the first."); *Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) (per curiam) (referring to the doctrine against claim-splitting as "the 'other action pending' facet of the *res judicata* doctrine").
>
> Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same.  *See The Haytian Republic*, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (internal quotation marks omitted)); *Curtis*, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "*Curtis II* claims arising out of the same events as those alleged in *Curtis I*," which claims "would have been heard if plaintiffs had timely raised them"); *Serlin*, 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

*Adams*, 487 F.3d at 688–89.  To determine whether the causes of action in two suits are identical, courts use the transaction test, which examines

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).  The

last criterion is the most important. *Id.*

The claims, parties, and available relief do not significantly differ between *Barefield I* and this suit. The same Plaintiff is suing the same Defendants concerning the same mortgage on the same property and in each case is arguing that the Defendants are without legal authority to engage in non-judicial foreclosure proceedings. Many of the allegations are identical in the two complaints and the suits differ in two minor respects. First, the *Barefield II* Complaint has added additional allegations to support its claim that MERS was without authority to assign its rights to others, though the basic assertion that it has a history of improper attempted assignments, "from robo-signing to removal of mortgages from mortgage pass-through trusts illegally and in violation of trust provisions" is present in both complaints. *See Barefield I* Complaint ¶ 10, *Barefield II* Complaint ¶ 16. Second, a foreclosure sale has apparently taken place, and the *Barefield II* Complaint accordingly focuses on wrongful foreclosure and related claims. The "rights or interests" in the first action control whether the foreclosure sale was proper, will rely on "the same evidence" in the form of the deed of trust and related documents, involve the same right, and arise out of the same "transactional nucleus of facts." A dispute over the same rights between the same parties is present in the two cases, and under the transaction test, the complaints are identical. The first focused on whether the Defendants had the right to foreclose; the second does the same. Though a foreclosure sale has taken place, the underlying rights do not differ in the two cases. The *Barefield II* Complaint is accordingly a duplicative complaint.

Plaintiff objects to the Defendants' filing of the notice of removal, arguing that removal is "improper and illegal" where a defendant has not yet been served with the complaint. ECF No. 6 at 1. The procedure for removal of civil actions requires that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise," 28 U.S.C. § 1446(b), which the Supreme Court has interpreted to mean after "formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). Nothing in the text of the removal statute, however, prohibits a defendant from removing a case to federal court prior to being served, and

1  "the courts that have considered the issue have found service of process is not a prerequisite to removal."

2  *Maassen v. Novartis Pharm. Corp.*, No. C-14-0116 MMC, 2014 WL 954407, at *2 (N.D. Cal. Mar. 6,

3  2014) (collecting cases).  Accordingly, Plaintiff's objection that removal was procedurally improper

4  because Defendants have not yet been served fails.

5       Because removal was proper and because Plaintiff has filed a complaint duplicative of the

6  complaint in *Barefield I*, the Complaint cannot survive.  Plaintiff's motion to remand is **DENIED** and

7  the Complaint is **DISMISSED**.  The Clerk of Court is directed to **CLOSE THIS CASE**.

8

9  IT IS SO ORDERED.

10  Dated:  **October 31, 2018**       **/s/ Lawrence J. O'Neill**
                             UNITED STATES CHIEF DISTRICT JUDGE